CARL-LEE *v.* ROAD IMPROVEMENT DISTRICT No. 16.

Opinion delivered February 12, 1923.

1. HIGHWAYS—VACATION ORDER LEVYING ASSESSMENT.—In the absence of express statutory authority for the county court to be opened at any time for the purpose of making an order levying an assessment against the property of a road improvement district, such an order cannot be made except during the regular term, and a vacation order would be void.

2. HIGHWAYS—COUNTY COURT COMPELLED TO ENTER ORDER OF ASSESSMENT.—Under Sp. Act No. 183, Extra. Sess. 1920, providing that the order of the county court levying an assessment on the property of a road improvement district may be made at the time the assessment of benefits is filed, or at any subsequent time, the court can enter the order at any time after the assessment list has been filed, and can be compelled by mandamus to do so if it refuses; the entry of such order being ministerial.

3. HIGHWAYS—GENERAL AND SPECIAL ACTS.—Crawford & Moses' Dig., § 5456, providing that county courts shall be open at all times for the purpose of making an order or entering any judgment for the carrying forward of the work of a highway improvement being a part of a general statute, has no application to districts organized under special statutes.

4. HIGHWAYS—GENERAL AND SPECIAL ACTS.—Crawford & Moses' Dig., § 5458, providing that, if a county court refuses to make the necessary orders relative to a road improvement district, the circuit court is vested with jurisdiction to hear and determine an application for mandamus or injunction, and that a ruling by that court in vacation shall have the same effect as if made in term time, being a part of the general statute for

the establishment of road improvement districts, is not applicable to districts organized under special statutes.

5. HIGHWAYS—GENERAL AND SPECIAL STATUTES.—Crawford & Moses' Dig., § 5462, providing that it shall not be construed to repeal any special act for the creation of road improvement districts, and shall be liberally construed for the purpose of aiding and promoting improvement of public roads in the State, and on trial of any question relating to the establishment of any district or the collection of any tax thereunder after a district has been established by the county court, the presumption shall be in favor of the establishment of said district, or the collection of the tax thereunder, has no application to road improvement districts subsequently formed under special statutes.

6. MANDAMUS—VACATION ORDER.—An order of the circuit judge in vacation awarding a writ of mandamus is without authority and void.

Appeal from Woodruff Circuit Court, Northern District; *J. M. Jackson,* Judge; reversed.

*R. M. Hutchins,* for appellant.

A hearing upon mandamus is by the court and not by the judge in chambers. 26 Ark. 452. The district in question was created by special act, and the general laws on the subject are not applicable. Secs. 5456-5458, relied upon by appellee, refer to the road created under the Alexander road law. When a special act covers the subject-matter, the general law is excluded. 84 Ark. 329; 68 Ark. 130; 142 Ark. 95. The county court must act in term time unless otherwise provided. Mandamus will not lie to compel it to act in vacation for the benefit of a special road district. 55 Ark. 216; 32 Ark. 676.

*J. W. House, Roy D. Campbell, Harry M. Woods,* for appellee.

The general law was applicable to grant the relief asked, unless the provisions of the special law repealed the general law. There was no such repeal here, and the county court should be construed to be open at all times for the purpose of perfecting the district.

McCULLOCH, C. J. Section 9 of the special statute creating Road Improvement District No. 16 of Wood-

ruff County (act No. 183, extraordinary session of January, 1920, unpublished) provides, in substance, that, after the assessment of benefits to lands in the district is completed, the list shall be filed with the county clerk and notice given by publication, and that on the day mentioned in the notice the commissioners shall meet to hear complaints against the assessments and to readjust the same.

Section 11 of the statute provides that "the county court shall, at the time the assessment of benefits is filed, or at any time subsequent, enter upon its record an order, which shall have the force and effect of a judgment," levying the assessments as a tax against the property in the district, etc.

The commissioners of the district, after the time for hearing complaints on the assessments had expired, filed an application in the county court asking that an order be entered levying the assessments in accordance with the provisions of the statute, but the county judge refused to enter such an order, and the commissioners then filed a petition with the circuit judge of the district praying for a writ of peremptory mandamus to compel the county judge to perform the duty imposed upon the county court by the statute. There was a hearing of the application upon notice, and the circuit judge made an order in vacation awarding the writ of peremptory mandamus as prayed for in the petition, and an appeal has been prosecuted to this court.

The county judge appeared by counsel before the circuit judge at the hearing and filed a response challenging the authority of the circuit judge to hear the petition in vacation, and also setting forth the fact that there had been no refusal of the county court to enter the order, but that, on the contrary, the court had not been in session on any day since the assessment list was filed. Proof was adduced showing that the county judge had announced his refusal to enter an order levying the assessments.

The contention of appellant is that there is no authority in the statute for the county court to enter an order except in term time; that there is no provision for a special term or for the judge to act in vacation, and that there is no provision in the law for the circuit judge to hear a mandamus case in vacation.

Counsel for appellee rely upon certain provisions of the general statutes governing road improvement districts for authority of both the county court and circuit court to make orders in vacation. Crawford & Moses' Digest, §§ 5456, 5458, 5462.

In the absence of express statutory authority for the county court to be opened at any time for the purpose of making such an order, the order cannot be made except during the regular term, and a vacation order would be void. *State* v. *Canal Construction Co.,* 134 Ark. 447; *Light* v. *Self,* 138 Ark. 221.

Section 11 of act No. 183, *supra,* provides, however, that the order of the county court may be made "at the time the assessment of benefits is filed, or at any time subsequent," therefore the court can enter the order at any time after the assessment list has been filed, and can be compelled to do so if it refuses. The entry of the order is ministerial, involving no discretion, and on refusal the court can be compelled by mandamus to enter the order. It appears, however, from an examination of act No. 183 that it contains no provision with reference to special sessions, either of the county court or of the circuit court, to enter orders or judgments with respect to the operation of the district.

We cannot agree with counsel for appellee that the sections referred to in the general statute are applicable, for those sections in express terms apply only to proceedings inaugurated under that particular statute.

Section 5456, Crawford & Moses' Digest, provides that county courts "shall be open at all times for the purpose of making an order or entering any judgment necessary for the carrying forward of the work of im-

provement contemplated by this act." That section is a part of the general statute for the establishment of road improvement districts, approved March 30, 1915, Crawford & Moses' Digest, § 5399 *et seq.* It has no application to districts subsequently organized under special statutes.

The same may be said of § 5458, which provides that, if a county court refuses to make the necessary orders, the circuit court is vested with jurisdiction to hear and determine an application for mandamus or injunction, and that "the ruling made by the circuit judge in vacation shall have the same force and effect as if made in term time." This section refers to orders having reference to "said district," meaning a district organized under general statutes.

Counsel place much reliance on § 5462, which reads as follows:

"This act shall not be construed to repeal any special act providing for the creation of road improvement districts in the various counties, and road improvement districts may be created in counties where a special act is applicable, either under the provisions of said special act, or under the provisions of this act, as deemed best by the petitioners, and this act shall be liberally construed by the courts for the purpose of aiding and promoting the improvement of public roads in Arkansas, and upon the trial of any question relating to the establishment of any district, or the collection of any tax hereunder, after a district has been established by the county court, the presumption shall be in favor of the establishment of said district, or the collection of any tax hereunder."

This section has no application to districts formed under special statutes enacted subsequent to the enactment of the general statute. The section merely provides that the act shall not be construed to repeal any special statute, and this is necessarily a reference to a special statute already in existence. We discover no

language in it which can be construed to confer authority upon a road district formed under a special statute thereafter enacted.

The order of the circuit judge awarding the writ of mandamus was strictly judicial, and could not be rendered by the circuit judge in vacation, in the absence of statutory authority. Finding none, we are forced to the conclusion that the order of the circuit judge was void.

The judgment is therefore reversed and quashed, and the cause is remanded to await a hearing before the circuit court in term time.